IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICK J. HEARN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | )  Civil Action No. 06-120 |
| WILKINS TOWNSHIP, PENNSYLVANIA, et al., | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

## MEMORANDUM OPINION and ORDER

Defendants have filed an omnibus Motion *in Limine* to Preclude Certain Evidence. (Docket No. 61). Specifically, Defendants seek to exclude eight different types of evidence.[1] *Id.* Plaintiff responded to the same. (Docket Nos. 64, 67-70, 72, 74, 75).

With regard to the first Motion, Defendants seek to exclude evidence of a civil

---

[1] A copy of my Chambers' Rules were distributed to counsel at the first conference in this case on May 8, 2006. *See,* Docket No. 17. In addition, my Chambers' Rules are posted on the internet. Rule II.B provides that all motions shall be accompanied by a brief. *See,* Chambers' Rule II.B. Defendants, however, have failed to file a brief in support of their Motion *in Limine* in violation of my Chambers' Rules. *Id.* Their Motion fails to cite any case law in support of their positions. *Id.* Moreover, in some instances, the Motion lacks the specificity necessary for me to make informed decisions. (Docket No. 61). For example, the Motion sets forth eight separate motions to preclude certain evidence and they presume to accomplish this in only a six page Motion. *Id.* Based on the same, I find Defendants' Motion is lacking. Nonetheless, Plaintiff was able to respond thereto. As a result, I will review the Motion to the extent possible.

1

action brought by police chief Keith Guthrie against Defendant, Wilkins Township and some of the individual Defendants, based on Rule 403. (Docket No. 61, ¶¶ 4-7). Defendants argue that this evidence will confuse the issues, mislead the jury, and has little probative relevant value. *Id.* In response, Plaintiff argues that Chief Guthrie has evidence that would tend to prove an intent to treat Plaintiff differently by Defendant, Wilkins Township. (Docket No. 75, pp. 1-3). I agree with Defendants to the extent that if there is testimony that can be elicited to prove intent to treat Plaintiff differently by Defendant, Wilkins Township, said evidence will not be precluded. However, the fact that Guthrie filed a lawsuit against Defendant is not relevant.

With regard to the second Motion, Defendants seek to exclude evidence of disputes between Mr. Vargo and his neighbors based on Rules 404 (improper attack on character) and 403 (irrelevant, prejudicial, and more likely to mislead and confuse the jury, and waste of time). (Docket No. 61, ¶¶ 8-9). In response, Plaintiff contends that this evidence is probative of a corporate culture of retaliation directed at employees and citizens who disagree with commissioners and managers at Wilkins Township. (Docket No. 75, p. 2-4). From what I can gather, Mr. Vargo allegedly placed a statue of a young boy bent over exposing his *derriere* in response to his neighbor's call for Mr. Vargo's and Ms. Bradley's resignations. *Id.* I find this evidence will not assist in the development of a reasonable inference in the context of, and is irrelevant to, Plaintiff's claims set forth in his Second Amended Complaint. Therefore, Defendants' second Motion is granted.

With regard to the third Motion, Defendants seek to exclude evidence of the personal dispute between Mr. Vargo and a postal carrier, Leo Lay, based on Rules 404 and 403. (Docket No. 61, ¶¶ 10-11). In response, Plaintiff contends that this evidence is admissible to prove intent and a corporate culture of retaliation directed at employees and citizens. (Docket No. 75, p. 5). Plaintiff, however, does not tell me how this evidence proves intent and of what intent. Furthermore, I find this evidence will not assist in the development of a reasonable inference in the context of, and is not relevant to, Plaintiff's claims set forth in his Second Amended Complaint. Therefore, Defendants' third Motion is granted.

With regard to Defendants' fourth Motion, they seek to preclude evidence of slander because actions for slander must be brought within one year of the slanderous statement. (Docket No. 61, pp. 12-14). Just because Plaintiff may not be able to recover for slanderous statements made outside of the one year statute of limitations does not mean that the alleged statements are not relevant for another purpose. Defendants, however, have failed to provided me with the objectionable statements. Therefore, I am unable to engage in an analysis as to whether said statements are relevant. Consequently, Defendants' fourth Motion is denied without prejudice.

With regard to Defendants' fifth Motion, they seek to preclude evidence of newspaper articles based on Rule 403. (Docket No. 61, ¶¶15-16). Defendants do not identify, however, which newspaper articles they are objecting to other than to state that the "various" newspaper articles pertain to reporting about the Hearn

matter and other citizen concerns with Wilkins Township. *Id.* I have reviewed Plaintiff's Pre-trial Statement and find only one newspaper article listed as an exhibit. (Docket No. 58, Ex. 20). Defendants have not provided me with a copy of said article. As a result, I am unable to engage in a proper 403 analysis.[2] Consequently, Defendants' fifth Motion is denied without prejudice.

With regard to Defendants' sixth Motion, they seek to preclude videotaped deposition testimony of the individually named Defendants because Plaintiff's counsel's employee videotaped the deposition in violation of Rules 30(b)(4)[3] and 28[4]

---

[2] Rule 403 of the Federal Rules of Evidence provides as follows:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

F.R.E. 403.

[3] Rule 30(b)(4) provides as follows:

> (4) Unless otherwise agreed by the parties, a deposition shall be conducted before an officer appointed or designated under Rule 28 and shall begin with a statement on the record by the officer that includes (A) the officer's name and business address; (B) the date, time, and place of the deposition; (C) the name of the deponent; (D) the administration of the oath or affirmation to the deponent; and (E) an identification of all persons present. If the deposition is recorded other than stenographically, the officer shall repeat items (A) through (C) at the beginning of each unit of recorded tape or other recording medium. The appearance or demeanor of deponents or attorneys shall not be distorted through camera or sound-recording techniques. At the end of the deposition, the officer shall state on the record that the deposition is complete and shall set forth any stipulations made by counsel concerning the custody of the transcript or recording and the exhibits, or concerning other pertinent matters.

F.R.C.P. 30(b)(4).

[4] Rule 28(c) provides as follows:

> (c) Disqualification for Interest. No deposition shall be taken before a person who is a relative or employee or attorney or counsel of any of the parties, or is a relative or employee of such attorney or counsel, or is financially interested in the action.

4

of the Federal Rules of Civil Procedure and Rule 28 of the Federal Rules of Evidence. (Docket No. 61, ¶¶ 17-19). Plaintiff acknowledges that the depositions were videotaped by a member of his staff. (Docket Nos. 69 and 70, p.2). Plaintiff further argues, however, that the depositions were simultaneously recorded by traditional stenographic means. *Id.* Plaintiff's employee may be permitted to operate recording equipment at a deposition while it is being simultaneously recorded by stenographic means by an officer authorized pursuant to Rule 28 (*see Moore's Federal Practice,* 3d ed., §28.32). As a result, Defendants' sixth Motion is denied.

With regard to Defendants' seventh Motion, they seek to preclude testimony of medical experts, Mark Foster, M.D., Rich Kozakiewicz, M.D., and Richard Rosenthal, M.D. because Plaintiff has failed to produce any expert reports of these physicians. (Docket No. 61, ¶20). In response, Plaintiff states that the physicians are not experts, but treating physicians. (Docket No. 74). As a result, Defendants' seventh Motion is denied.

With regard to Defendants' eighth Motion, they seek to preclude the testimony of Plaintiff on facts giving rise to his Complaint because counsel for Plaintiff instructed Plaintiff not to respond to the questions as calling for a legal conclusion. (Docket No. 61, ¶¶21-24). Defendants' counsel, however, never attempted to file a motion to compel or call me for a ruling on the objection. The questions could have been reformulated to elicit the testimony that was sought

---

F.R.C.P. 28(c).

during the discovery stage.  Consequently, the eighth Motion is denied.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

THEREFORE, this **25th** day of July, 2007, after careful consideration and for the reasons set forth above,  it is ordered that Defendants' Motion in Limine (Docket No. 61) is granted in part and denied in part.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge